UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JANE DOE (S.S.),

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
ONE SPA WORLD LLC, and
MANDARA SPA (HAWAII), LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, JANE DOE (S.S.), is a citizen of Nevada.

2. Defendant, NCL (BAHAMAS) LTD. ("NCL"), is a foreign entity incorporated in Bermuda, with its principal place of business in Florida.

3. Defendant, ONE SPA WORLD LLC (at times "One Spa World"), is a Florida entity with its principal place of business in Florida, and it was f/d/b/a Steiner Transocean Limited a/k/a Steiner.

4. Defendant, MANDARA SPA (HAWAII), LLC (at times "Mandara Spa LLC"), is a Florida entity with its principal place of business in Florida.

5. Defendant, One Spa World is the parent company of Mandara Spa LLC, (Defendants, One Spa World and Mandara Spa LLC are collectively referred to as "Mandara Spa" herein.)

- 2 -

6. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

7. At all times material hereto, Defendants, personally or through agent(s):

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Were engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

    e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

    f. Defendants were engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard cruise ships.

8. At all times material hereto, Defendants are subject to the jurisdiction of the courts of this state.

9. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

10. At all times material hereto, Defendant, NCL, owned, operated, managed, maintained and/or controlled the vessel, the *Norwegian Getaway* ("the vessel").

11. At all times material hereto, Defendant, NCL, had exclusive custody and control of the vessel.

12. At all times material hereto, Mandara Spa owned and/or operated a spa aboard the vessel, wherein it provided spa services to NCL's passengers.

13. At all times material hereto, Mandara Spa was under the direction and control of NCL and/or acted as the agent of NCL in providing spa services to passengers, thereby rendering NCL vicariously liable for the negligence of Mandara Spa and its employees.

14. At all times material hereto, NCL and/or Mandara Spa employed and controlled a spa employee aboard the vessel whose name is Maria ("the Assailant").

15. At all times material hereto, the Assailant was a member of the crew of the vessel and was acting in the course and scope of her employment.

## Subject Incident

16. On or about October 9, 2022, the Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

17. On or about October 9, 2022, the Plaintiff scheduled an acupuncture appointment aboard the vessel, which was performed by the Assailant.

18. On or about October 9, 2022, throughout the course of the acupuncture appointment, the Assailant repeatedly and intentionally sexually assaulted the Plaintiff.

## Defendant's Notice

19. At all times material hereto, Defendants knew or should have known that a sexual assault and/or rape was reasonably foreseeable, considering the prevalence of sexual assaults aboard NCL's vessels. Pursuant to the Department of Transportation's statistical compilation of shipboard incidents, there were a total of 65 sexual assaults reported on Defendant's vessels between 2016 and 2022 -- 17 (or over 26%) of which were sexual assaults committed by

crewmembers. These shipboard incidents are reported by NCL directly to the Department of Transportation and/or the Federal Bureau of Investigation.

20. At all times material hereto, Defendants knew or should have known that sexual assaults and/or rapes were being committed by crewmembers/employees aboard cruise ships and that injury or damage to passengers (like the Plaintiff) was highly probable, considering prior incidents occurring on shipboard spas (including but not limited to, spas owned and/or operated by One Spa World and/or Steiner). For instance,

a. On or about July 28, 2022, a crewmember sexually assaulted a passenger (S.K.) in a shipboard spa owned and/or operated by One Spa World aboard a Carnival vessel.

b. On or about July 3, 2022, a crewmember sexually assaulted a passenger (C.R.) in a shipboard spa owned and/or operated by One Spa World aboard an NCL vessel.

c. On or about January 8, 2022, a crewmember sexually assaulted a passenger (N.M.) in a shipboard spa owned and/or operated by One Spa World aboard a Carnival vessel.

d. On or about December 4, 2019, a crewmember sexually assaulted a passenger (K.G.) in a shipboard spa owned and/or operated by One Spa World aboard an NCL vessel.

e. On or about April 19, 2017 and April 20, 2017, a male crewmember sexually assaulted a minor, male passenger (H.T.) in a shipboard spa owned and/or operated by One Spa World aboard a Carnival vessel.

f. On or about November 18, 2016, a male crewmember sexually assaulted a minor, female passenger (A.S.) in a shipboard fitness center/spa owned and/or operated by One Spa World aboard a Carnival vessel.

    g. On or about August 15, 2015, a male crewmember sexually assaulted a minor, male passenger (C.O.) in a shipboard spa owned and/or operated by One Spa World aboard a Carnival vessel.

21. The foregoing incidents were reported within the cruise industry and/or reported directly by One Spa World to NCL and/or One Spa World and/or Mandara Spa. Defendants were therefore on notice that crewmembers/spa employees were utilizing shipboard spas as a rape/sexual assault lair. Despite such notice, Defendants failed to take adequate steps to prevent the same or similar type of incident from reoccurring.

22. Notwithstanding the prior incidents and the prevalence of sexual assaults, Defendants failed to take adequate steps, provide adequate security, or provide adequate supervision to prevent rapes and/or sexual assaults, and/or Defendants failed to warn its passengers of the growing epidemic of rapes and sexual assaults at sea. Defendant's motive for failing to warn its passengers was financial in nature; that is, Defendants willfully chose not to warn its passengers about rapes and/or sexual assaults aboard its cruise ships so as not to scare any prospective passengers away. Such intentional, willful and outrageous conduct on the part of Defendants exposes Defendants to punitive damages. *See Doe v. Celebrity Cruises, Inc.*, 389 F. Supp. 3d 1109 (S.D. Fla. 2019); *see also Lobegeiger v. Celebrity Cruises, Inc.*, No. 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla. Aug. 23, 2011).

**COUNT I**
**VICARIOUS LIABILITY FOR SEXUAL ASSAULT AGAINST DEFENDANTS**

    The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

23. At all times material hereto, the Assailant who sexually assaulted the Plaintiff was a member of the crew aboard the vessel.

24. At all times material hereto, the Assailant who sexually assaulted the Plaintiff was hired, retained and/or employed by NCL.

25. At all times material hereto, the Assailant who sexually assaulted the Plaintiff was hired, retained and/or employed by Mandara Spa.

26. At all times material hereto, Defendants are vicariously liable for the intentional and/or tortious actions of its crewmembers/employees, including the Assailant who sexually assaulted the Plaintiff.

27. As a direct and proximate result of the tortious actions of the Assailant, who sexually assaulted the Plaintiff, for which Defendants are vicariously liable as set forth above, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands jury trial of all issues so triable.

## COUNT II
## NEGLIGENT FAILURE TO WARN AGAINST DEFENDANTS

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

- 7 -

28. At all times material hereto, it was the duty of Defendants to provide the Plaintiff with reasonable care under the circumstances.

29. At all times material hereto, it was the duty of Defendants to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendants in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

30. On or about the above date, the Plaintiff was in the shipboard spa, which is a place Plaintiff was invited to by Defendants and a place Defendants reasonably expected Plaintiff to be in during the cruise.

31. On or about the above date, Defendants and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to adequately warn passengers of the prevalence and/or dangers of sexual assaults aboard NCL's ships; and/or

   b. Failure to adequately warn passengers that other passengers have been sexually assaulted by crewmembers and/or spa employees; and/or

   c. Failure to adequately warn passengers that a heightened degree of care should be exercised when dealing with the crewmembers and/or spa employees aboard the vessel.

32. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendants and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

33. Based on prior incidents and the prevalence of sexual assaults (as alleged in paragraphs 19-21), Defendants knew or should have known of the foregoing conditions causing the subject sexual assault and did not warn about them, or the conditions existed for a sufficient length of time so

that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. In addition, Defendants created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

34. As a direct and proximate result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendants and demands jury trial of all issues so triable.

## COUNT III
## NEGLIGENT SECURITY AGAINST NCL

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

35. At all times material hereto, it was the duty of NCL to provide the Plaintiff with reasonable care under the circumstances.

36. At all times material hereto, it was the duty of NCL to provide reasonable security and/or implement reasonable security measures aboard the vessel, including the spa.

37. At all times material hereto, NCL voluntarily undertook and/or assumed the duty of security by retaining crewmembers to serve as security officers about the vessel and/or advertising its onboard security.

38. On or about the above date, NCL and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to provide adequate supervision and/or security presence aboard the vessel so as to deter sexual assaults aboard the vessel; and/or

   b. Failure to provide adequate supervision and/or security in public areas aboard the vessel, including the spa; and/or

   c. Failure to provide adequate supervision and/or security to protect passengers aboard the vessel; and/or

   d. Failure to adequately supervise and/or monitor individuals working aboard the vessel to ensure they do not sexually assault passengers; and/or

   e. Failure to adequately monitor passengers aboard the subject cruise to ensure they do not become victims of crimes generally and sexual assaults specifically; and/or

   f. Failure to promulgate and/or enforce adequate policies and procedures to provide for the monitoring of public areas aboard the ship, including the spa; and/or

   g. Failure to promulgate and/or enforce adequate policies and procedures to provide for the security of passengers aboard the ship; and/or

   h. Failure to have adequate security aboard the vessel; and/or

   i. Failure to adequately train security and/or crewmembers; and/or

   j. Failure to adequately supervise security and/or crewmembers.

39. The above acts and/or omissions caused and/or contributed to the subject incident because, had NCL provided reasonable security and/or implemented reasonable security measures consistent with the foregoing, Plaintiff would not have been sexually assaulted aboard the vessel.

40. Based on prior incidents and the prevalence of sexual assaults (as alleged in paragraphs 19-21), NCL knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that NCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. In addition, NCL created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

41. As a direct and proximate result of the negligence of NCL, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against NCL and demands jury trial of all issues so triable.

## COUNT IV
## GENERAL NEGLIGENCE AGAINST NCL

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

42. At all times material hereto, it was the duty of NCL to provide the Plaintiff with reasonable care under the circumstances.

43. On or about the above date, NCL and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to provide reasonably safe conditions for the Plaintiff during the voyage aboard the vessel (reasonably safe conditions include, but are not limited to, preventing an atmosphere wherein persons and/or crewmembers could physically and/or sexually assault other passengers); and/or

   b. Failure to adequately manage the spa, including the spa and/or treatment rooms, aboard the vessel; and/or

   c. Failure to promulgate and/or enforce adequate policies and/or procedures designed to manage the spa, including the spa and/or treatment rooms, aboard the vessel; and/or

   d. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from committing physical and/or sexual assaults against passengers aboard the ship; and/or

   e. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to sexual assaults, non-fraternization with passengers, inappropriate contact with passengers, etc.; and/or

    f.   Failure to adequately train and/or supervise individuals working aboard the vessel with regard to sexual assaults, non-fraternization with passengers, inappropriate contact with passengers, etc.; and/or

    g.   Failure to adequately verify that the spa employees hired and/or retained were reasonably safe and competent, and not a safety hazard for passengers; and/or

    h.   Failure to comply with the requirements under 46 U.S.C. § 3507 of the Cruise Vessel Safety & Security Act of 2010; and/or

    i.   Failure to implement and/or enforce an adequate safety management system.

44. The above acts and/or omissions caused and/or contributed to the subject incident because, Plaintiff would not have been sexually assaulted aboard the vessel but for those acts and/or omissions.

45. Based on prior incidents and the prevalence of sexual assaults (as alleged in paragraphs 19-21), NCL knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that NCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. In addition, NCL created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

46. As a direct and proximate result of the negligence of NCL, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past,

and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against NCL and demands jury trial of all issues so triable.

## COUNT V
## GENERAL NEGLIGENCE AGAINST MANDARA SPA

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

47. At all times material hereto, it was the duty of Mandara Spa to provide the Plaintiff with reasonable care under the circumstances.

48. On or about the above date, Mandara Spa and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to provide reasonably safe conditions for the Plaintiff while in the spa aboard the vessel (reasonably safe conditions include, but are not limited to, preventing an atmosphere wherein persons and/or crewmembers could physically and/or sexually assault other passengers); and/or

   b. Failure to adequately manage the spa, including the spa and/or treatment rooms, aboard the vessel; and/or

   c. Failure to promulgate and/or enforce adequate policies and/or procedures designed to manage the spa, including the spa and/or treatment rooms, aboard the vessel; and/or

    d. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from committing physical and/or sexual assaults against passengers aboard the ship; and/or

    e. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to sexual assaults, non-fraternization with passengers, inappropriate contact with passengers, etc.; and/or

    f. Failure to adequately train individuals working in the vessel's spa with regard to sexual assaults, non-fraternization with passengers, inappropriate contact with passengers, etc.; and/or

    g. Failure to adequately supervise individuals working in the vessel's spa to ensure they do not sexually assault passengers; and/or

    h. Failure to adequately verify that the spa employees hired and/or retained were reasonably safe and competent, and not a safety hazard for passengers; and/or

    i. Failure to comply with the requirements under 46 U.S.C. § 3507 of the Cruise Vessel Safety & Security Act of 2010; and/or

    j. Failure to implement and/or enforce an adequate safety management system.

49. The above acts and/or omissions caused and/or contributed to the subject incident because, Plaintiff would not have been sexually assaulted aboard the vessel but for those acts and/or omissions.

50. Based on prior incidents and the prevalence of sexual assaults (as alleged in paragraphs 19-21), Mandara Spa knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that Mandara Spa, in the exercise of reasonable care under the circumstances, should have learned

of them and corrected them. In addition, Mandara Spa created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

51. As a direct and proximate result of the negligence of Mandara Spa, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Mandara Spa and demands jury trial of all issues so triable.

Dated: September 14, 2023

Respectfully submitted,

LIPCON, MARGULIES,
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By: */s/ Elizabeth Irazabal*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com

**ELIZABETH IRAZABAL**
Florida Bar No. 1010997
eirazabal@lipcon.com
